NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-442                                          Appeals Court


COMMONWEALTH  vs.  JULIO TORRES.



No. 14-P-442.       August 5, 2015.



Sex Offender.  Evidence, Sex offender, Criminal records.
     Practice, Civil, Instructions to jury.


     Following a jury trial in the Superior Court, the
defendant, Julio Torres, was found to be a sexually dangerous
person.  See G. L. c. 123A, § 1.[1]  The defendant appeals,
claiming error in certain evidentiary rulings and jury
instructions.  We affirm.

     1.  Prior criminal history.  In 1997, the defendant was
charged with assault and battery by means of a dangerous weapon
and indecent assault and battery following an incident wherein
he assaulted a sixteen year old female victim.  The defendant
was twenty-five years old at the time.  When the victim refused
his advances,[2] he held a knife to her stomach, pushed her back,

_____

     [1] "In order to find the defendant is a 'sexually dangerous
person,' the Commonwealth must prove three things:  (1) the
defendant has been convicted of a '[s]exual offense' . . .; (2)
he suffers from a '[m]ental abnormality' or 'personality
disorder' . . .; and (3) as a result of such mental abnormality
or personality disorder, the defendant is 'likely to engage in
sexual offenses if not confined to a secure facility.'"
Commonwealth v. Suave, 460 Mass. 582, 584 n.3 (2011), quoting
from G. L. c. 123A, § 1, definition of "[s]exually dangerous
person".

     [2] The defendant told the victim:  "You're going to be mine
no matter what."

straddled her, and began to choke her. During this assault, the defendant touched the victim's buttocks and legs. As part of a plea agreement, the defendant pleaded guilty to assault and battery by means of a dangerous weapon, and the Commonwealth dismissed the indecent assault and battery charge. The defendant received a suspended sentence, a two-year term of probation, and was ordered to "[p]articipate in [a] Mass. Rehab. evaluation" and related treatment.

The defendant subsequently engaged in further criminal sexual behavior, leading to additional convictions. In 2000, he pleaded guilty to four counts of rape and one count of indecent assault and battery. In 2009, he was convicted of annoying and accosting a person of the opposite sex.[3]

2. Evidentiary issues. a. Admission of 1997 conviction. The defendant argues that it was error to deny his motion in limine to preclude the Commonwealth's witnesses from referring to evidence related to the 1997 conviction of assault and battery by means of a dangerous weapon because it is not a sexual offense. We disagree. See G. L. c. 123A, § 14(c).[4]

The position taken by the defendant was rejected by this court in Commonwealth v. Starkus, 69 Mass. App. Ct. 326, 332 (2007) (police reports relating to defendant's conviction of assault and battery admissible pursuant to G. L. c. 123A, § 14[c], where incident involved rape of a fourteen year old girl). That the defendant in Starkus pleaded guilty to assault and battery, a lesser included offense of rape of a child, and the defendant in this case pleaded guilty to a separate charge of assault and battery by means of a dangerous weapon, is a distinction without a difference. In both cases the defendants'

---

[3] The defendant was sentenced to concurrent seven-year committed sentences and five years of probation on the 2000 convictions. He received a six-month sentence in a house of correction on the 2009 conviction. That conviction also resulted in violation of his probation, for which he received an eighteen-month to two-year sentence.

[4] General Laws c. 123A, § 14(c), inserted by St. 1999, c. 74, § 8, provides for the admission of certain records in proceedings involving persons who are the subject of a sexually dangerous person petition, including "police reports relating to such person's prior sexual offenses."

acts were indisputably sexual in nature and motivation, and constituted sexual offenses under the statute.  See G. L. c. 123A, § 1 (defining "sexual offense" as including "any other offense, the facts of which, under the totality of the circumstances, manifest a sexual motivation or pattern of conduct or series of acts of sexually-motivated offenses"[5]).  As in Starkus, the defendant cannot benefit from a favorable plea agreement while at the same time negating the underlying charged conduct.  See ibid.  There was no error.[6]

b.  Admission of board of probation record.  The defendant argues it was error to admit his board of probation record in its entirety as it includes dismissed charges and defaults.  The claim is without merit.  Such records are expressly admissible by statute, G. L. c. 123A,§ 14(c).  McHoul, petitioner, 445 Mass. 143, 152 (2005).  Here, the defaults were relevant on the issue whether the defendant could abide by orders of the court.  The underlying facts of the dismissed cases were not admitted, however, thereby limiting any perceived prejudice.  Compare Commonwealth v. Mazzarino, 81 Mass. App. Ct. 358, 369 (2012).  Finally, the defendant was given the opportunity to propose a limiting instruction related to the probation records, which he declined.

3.  Jury instructions.  On cross-examination of one of the Commonwealth's experts, defense counsel asked what would happen if the defendant was found to be a sexually dangerous person.  The expert responded that he would be civilly committed from one day to life.  Earlier in the proceedings, the judge cautioned counsel that such questions would open the door into inquiry concerning release procedures.  In his final instructions, the judge informed the jury of the defendant's right to petition for release if committed.  The defendant now argues that it was error for the judge to so instruct the jurors, claiming that it was extraneous to the proceedings and lowered the Commonwealth's burden of proof.

While a jury instruction as to the consequences of a verdict in this type of case is generally "best left omitted,"

---

[5] This language was inserted in the definition by St. 2004, c. 66, § 6.

[6] Nor do the contents of the police reports admitted constitute inadmissible hearsay.  See Commonwealth v. Given, 441 Mass. 741, 745 & n.5 (2004).

Miller, petitioner, 71 Mass. App. Ct. 625, 631 (2008), the particular facts of a case can permit such an instruction. See Commonwealth v. Mazzarino, supra at 365. That is the case here. The judge's instructions provided context to the expert's testimony and "minimized any untoward influence." Miller, petitioner, supra at 632 (citations omitted). Moreover, the judge referred to the Commonwealth's burden of proof numerous times during his instructions to the jury. There was no error.

Judgment affirmed.


Brandon L. Campbell for the defendant.
Cailin M. Campbell, Assistant District Attorney, for the Commonwealth.